## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICARDO SANTIAGO-RODRÍGUEZ, *et al.*,<br><br>    **Plaintiffs,**<br><br>                    **v.**<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    **Defendants.** | **Civil No.** 20-1658 (FAB) |

## OPINION AND ORDER

BESOSA, District Judge.

Defendants Commonwealth of Puerto Rico, the Puerto Rico Police Department ("PRPD"), Mabel Oliveras-Colón ("Oliveras"), Luis García-Castro ("García"), and Bermaliz Mártir-Sostre ("Mártir") (collectively, "defendants") move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket Nos. 6 and 14)  Plaintiff Ricardo Santiago-Rodríguez ("Santiago") moves to amend the complaint. (Docket No. 9)  For the reasons set forth below, the defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Additionally, Santiago's motion to amend the complaint is **GRANTED**.

## I.  Background[1]

Santiago joined the PRPD in 1994, serving as a police officer for more than 17 years.  Id. at p. 6.  García and Oliveras are Santiago's supervising officers.  Id.  Mártir is also employed by the PRPD, but the complaint does not specify her rank or position. Id.

Santiago sustained a work-related injury in 2017, rendering him permanently disabled.  Id.  Subsequently, he repeatedly requested a reasonable accommodation from García.  Id. at p. 7. García denied these requests, "[causing further physical injury to [Santiago's] leg and back."  Id.  García also fabricated reasons to provide Rivera with negative evaluations.  Id. at p. 8.

Santiago filed concurrent complaints with the PRPD and the Equal Employment Opportunity Commission ("EEOC") in January, 2019. Id.  Subsequently, García and Oliveras embarked on a campaign "to isolate [Rivera] from being able to work with other coworkers" in retaliation for filing the PRPD and EEOC complaints.  Id. at p. 9. Moreover, Mártir falsely accused Rivera of sexual harassment.  Id. García, Oliveras, and Mártir commenced administrative and criminal proceedings against Santiago based on alleged misrepresentations

---

[1] The Court construes the complaint in the light most favorable to Santiago and accepts as true all factual allegations it contains.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).

in these complaints.  Id. at p. 10.  Both complaints were dismissed.  Id.

The EEOC "determined that the Defendants discriminated and retaliated against [Santiago] due to his disability, his request for reasonable accommodations and his participation in protected activities."  Id.  Consequently, the EEOC referred the matter to the Department of Justice "to issue a Notice of Right to Sue" on September 3, 2020.  Id. at p. 11.

Santiago commenced this action on November 20, 2020, setting forth two federal causes of action for discrimination based on disability and retaliation pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. sections 2000e *et seq.*, respectively.  (Docket No. 1 at pp. 12—20)  He also asserts four causes of action pursuant to Puerto Rico law:  (1) disability discrimination, Law No. 44 of July 2, 1985, P.R. Laws Ann. tit. 1, sections 501 *et seq.;* (2) retaliation, Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29, section 194 *et seq.* and Section 16 of Article II of the Puerto Rico Constitution ("Article II");  (3) defamation, P.R. Laws Ann. tit. 32, sections 3141—3149; and (4) malicious prosecution, P.R. Laws Ann. tit. 31, section 5141.  Id.

Santiago seeks $1,000,000.00 for the ADA and Law 44 violations, an additional $1,000,000.00 for the Title VII and Law 155 violations, $500,000.00 for the remaining Puerto Rico law violations, and attorneys' fees. Id. The defendants move to dismiss the complaint because Santiago "failed to exhaust the statutorily required administrative remedies prior to the filing for the instant action." (Docket No. 6 at p. 4; Docket No. 14)[2]

## II. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6), defendants may move to dismiss an action for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level." Id. at 555. In doing so, the Court is "obligated to view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011).

---

[2] The first and second motions to dismiss set forth the same arguments. (Docket Nos. 6 and 14)

### III.  Individual Liability Pursuant to Federal and Puerto Rico Law

The ADA "does not provide for individual liability, but only for employer liability."  Cardona-Román v. Univ. of Puerto Rico, 799 F. Supp. 2d 120, 128 (D.P.R. 2011) (Domínguez, J.); see also Spiegel v. Schulmann, 604 F.3d 72 (2d Cir. 2010).  Moreover, the First Circuit Court of Appeals has held that there is "no individual employee liability under Title VII" because individuals are not encompassed within the statutory definition of employer." Fantini v. Salem State College, 557 F.3d 22, 30 (1st Cir. 2009). Accordingly, the ADA and Title VII claims against Oliveras, García, and Mártir are **DISMISSED**.

Law No. 44 is an analogue to the ADA.  Because the "ADA does not provide for individual liability, neither should Law 44." Pizarro-Correa v. Puerto Rico Internal Revenue Dep't, 267 F. Supp. 3d 369, 374 (D.P.R. 2017) (Besosa, J.) (citation omitted). Likewise, Law 115 contains no provision imposing individual liability.  Torres v. House of Representatives of the Commonwealth of Puerto Rico, 858 F. Supp. 2d 172, 193 (D.P.R. 2012) ("With regards to personal supervisor liability under Puerto Rico's statute prohibiting retaliation in the workplace, Law 115, the Puerto Rico Court of Appeals found that it stems from the text of the act that the sanctions imposed therein are only against the employer, and thus, the statute contains no provision imposing

personal liability.") (Gelpí, J.).  Consequently, the Law 44 and
Law 115 claims against Oliveras, García, and Mártir are **DISMISSED**.
The Article II, defamation, and malicious prosecution claims
against the individual defendants remain before the Court.

**IV.  Government Liability Pursuant to Federal and Puerto Rico Law**

The defendants move to dismiss the complaint, relying
exclusively on Santiago's purported failure to exhaust his
administrative remedies.  (Docket No. 6)  This argument is
irrelevant, however, without the existence of federal
jurisdiction.  Santiago is suing the Commonwealth of Puerto Rico
and the PRPD for money damages pursuant to the ADA and Title VII,
requiring the Court to examine whether sovereign immunity
precludes judicial relief.  Because sovereign immunity is a
"jurisdictional defect," the Court may conduct an Eleventh
Amendment inquiry *sua sponte*.  Hydrogen Tech. Corp. v. United
States, 831 F.2d 1155, 1162 n.6 (1st Cir. 1987) ("[Sovereign
immunity] can be raised at any time, and indeed by a court of
appeals on its own motion") (internal quotation and citation
omitted).

**A.  Sovereign Immunity and the Americans with Disabilities Act**

The Eleventh Amendment "prevents private individuals
from bringing suit against non-consenting states." García-Hicks
v. Vocational Rehab. Admin., 25 F. Supp. 3d 204, 209 (D.P.R. 2014)

(Besosa, J.) (citing Bd. of Trs. of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001)).[3]  This proscription protects a state's treasury and its dignitary interests.  See Vaquería Tres Monjitas, Inc. v. Pagán, 748 F.3d 21, 27 (1st Cir. 2014).  Sovereign immunity also serves to "protect the arms or *alter egos* of the state."  García-Hicks, 25 F. Supp. 3d at 210 (citing Ainsworth Aristocratic Int'l Pty. Ltd. v. Tourism Co. of Puerto Rico, 818 F.2d 1034, 1036 (1st Cir. 1987)).

The Commonwealth of Puerto Rico is considered a state for purposes of Eleventh Amendment immunity.  Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 n.3 (1st Cir. 1993).  The PRPD is an arm of the state, falling within the purview of the Eleventh Amendment.  Bonilla v. Vivoni, 259 F. Supp. 135, 141 (D.P.R. 2003) (Pieras, J.); see Vaquería Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 477 (1st Cir. 2009) ("An administrative arm of the state is treated as the state itself for the purpose of the Eleventh Amendment, and it thus shares the same immunity.").

A state is subject to federal suit, however, in certain circumstances.  For instance, the Eleventh Amendment is not

---

[3] The Eleventh Amendment states that:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.

applicable when:  (1) the state consents to suit;  (2) the state waives its immunity by statute;  (3) Congress abrogates state immunity; or (4) constitutional imperatives warrant federal liability.  Metcalf & Eddy, Inc., 991 F.2d at 938 (citations omitted).  The Supreme Court has provided an additional route to relief in federal court pursuant to the Ex Parte Young doctrine, precluding states from invoking the Eleventh Amendment as a defense "where prospective injunctive relief, not involving damages or property transfer, is sought against named state officials for a violation of federal law."  Neo Gen Screening, Inc. v. New England Newborn Screening Program, 187 F.3d 24, 28 (1st Cir. 1999) (citation omitted); see Ex Parte Young, 209 U.S. 123 (1908).

     Although Santiago fails to specify is the sections of the ADA from which his claims arise, employment discrimination is prohibited by ADA's Title I.  See 42 U.S.C. §§ 12111-12117.  While Congress fully intended to abrogate sovereign immunity when enacting the ADA, the Supreme Court held in Garrett that "Title I of the ADA was not a valid congressional abrogation" and that Eleventh Amendment immunity remained intact.  García-Hicks, 25 F. Supp. 3d at 210 (citing Garrett, 531 U.S. at 374)).  Consequently, the ADA claims against the Commonwealth of Puerto Rico and the PRPD are **DISMISED.**

The First Circuit Court of Appeals has held that Law 44 does not waive sovereign immunity.  López v. Police Dep't, 247 F.3d 26, 29 (1st Cir. 2001).  Accordingly, the Law 44 claim against the Commonwealth of Puerto Rico and the PRPD is **DISMISSED**.

**B.   Failure to Exhaust Administrative Remedies and Title VII**

Title VII prohibits employers from retaliating against employees for opposing unlawful employment practices.  42 U.S.C. § 2000e-3(a).  Santiago engaged in a protected activity by filing a charge with the EEOC.  See Cherkaoui v. City of Quincy, 877 F.3d 14, 28 (1st Cir. 2017).  Title VII claims for retaliation are not contingent on ADA causes of action.  See Jones v. Walgreens Co., 679 F.3d 9, 21 (1st Cir. 2012) ("Jones's retaliation claim does not depend on the success of her disability claim.") (citation omitted).  In contrast to the ADA, Title VII abrogates sovereign immunity by expressly authorizing actions for damages against a state.  See Lipsett v. Univ. of Puerto Rico, 864 F.2d 881, 885 (1st Cir. 1988).

Title VII is not a "remedy of first resort."  Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir. 2003).  Before filing a Title VII claim, an employee must first exhaust administrative remedies.  This process is triggered by the "filing of an administrative charge before the EEOC."  Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 119 (1st Cir. 2009).  An

employee may seek judicial relief only if the EEOC: (1) dismisses

the administrative charge, (2) forgoes civil litigation, or

(3) fails to reach a conciliation agreement with the employer.

42 U.S.C. § 2000e-5(f)(1).  The EEOC must provide the employee

with notice, known as a right to sue letter.  <u>Franceschi v. United</u>

<u>States Veterans Affairs</u>, 514 F.3d 81, 85 (1st Cir. 2008) (citing

<u>Equal Employment Opportunity Comm'n v. D.H. Holmes Co., Ltd.</u>, 556

F.2d 787, 790 n.4 (5th Cir. 1977) ("'Right to sue letter' refers

to the notification required by 42 U.S.C. § 2000e-5(f)(1) as a

necessary condition for a private suit.")).  After receiving the

right to sue letter, the employee must commence a civil action

within 90 days.  42 U.S.C. § 2000e-5(f)(1).

> Because the employer in this action is the Commonwealth
of Puerto Rico and the PRPD, the following procedure is applicable:

> If the Commission is unable to secure from the respondent
> a conciliation agreement acceptable to the Commission,
> the Commission shall take no further action and shall
> refer the case to the Attorney General who may bring a
> civil action against such respondent in the appropriate
> United States district court.  The persons aggrieved
> shall have the right to intervene in a civil action
> brought by the Commission or the Attorney General in a
> case involving a government, governmental agency, or
> political subdivision.

42 U.S.C. § 2000e-5.  The EEOC retains the authority to issue a

right to sue letter if the administrative charge is dismissed for

lack of probable cause.  <u>Id.</u>  The right to sue letter is issued by

the Attorney General, however, "when the EEOC finds probable cause,

conciliation efforts fail, and the EEOC refers the case to the Justice Department, but the Attorney General decides not to pursue the action." Franceschi, 514 F.3d at 87 n.4 (quoting Dougherty v. Barry, 869 F.2d 605, 611-12 (D.C. Cir. 1989)). Essentially, the Attorney General assumes the role of the EEOC.

### 1.   Santiago Failed to Exhaust Administrative Remedies

Santiago filed a charge of employment discrimination with the EEOC on January 30, 2019. (Docket No. 9, Ex. 1) Subsequently, the EEOC informed Santiago that "efforts to conciliate this charge as required under Title I of the [ADA] have been unsuccessful." (Docket No. 6, Ex. 1) The EEOC referred "the case to the Department of Justice" on September 3, 2020. Id. He commenced this litigation on November 20, 2020. (Docket No. 1) After the defendants moved to dismiss the complaint, Santiago moved to stay this action pending receipt of the right to sue letter and requested leave to amend the complaint. (Docket No. 9) Less than a month later, the Department of Justice issued the right to sue letter. (Docket No. 14 at p. 2) Accordingly, Santiago failed to exhaust administrative remedies by filing the complaint before receiving the right to sue letter.

Generally, the appropriate disposition for failure to exhaust administrative remedies is dismissal without prejudice. See Lebrón-Ríos v. United States Marshal Serv., 341 F.3d 7, 15

(1st Cir. 2003) (holding that "dismissal without prejudice to a future action on exhausted claims both makes practical sense and comports with the remedial purposes of Title VII").  The right to sue letter is "simply a precondition to bringing suit, not a jurisdictional bar, and thus can be waived by the parties or the court."  Martínez-Rivera v. Puerto Rico, 812 F.3d 69, 77-78 (1st Cir. 2016) (holding that because the EEOC "eventually [gave the plaintiff] a right-to-sue letter . . . any issues with her prematurely fili[ed] suit" were eliminated).

        In Sánchez-Velázquez v. Autonomous Municipality of Carolina, the plaintiff "circumvented Title VII's administrative exhaustion requirement by filing [the complaint] before obtaining the right to sue letter."  Case No. 11-1586, 2012 U.S. Dist. LEXIS 17767 at *12 (D.P.R. Dec. 14, 2012) (Casellas, J.).  The Court denied the defendants' motion to dismiss, holding that "the filing of the Third Amended Complaint after having received the right-to-sue letter from the U.S. Department of Justice cured any defect that the first and second amended complaint may have had."  Id. (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010) ("[T]he plaintiff may file a new complaint that does not refer to or adopt any of the deficient allegations in the original pleading; if the first complaint is considered superseded by the amendment, the court is not required

to dismiss the suit when a motion points up the weaknesses of the earlier pleading.")). Sánchez-Velázquez is persuasive authority, setting forth sound analysis and adhering to precedent from the First Circuit Court of Appeals and sister jurisdictions. See Martínez-Rivera, 812 F.3d 69; Wilburn v. Dial Corp., 724 F. Supp. 530, 536 (W.D. Tenn. 1989) ("[W]here a Title VII plaintiff files his action first and then subsequently receives a right to sue notice while that action is pending, the requirement of a right to sue letter is satisfied.") (citing Galvan v. Bexar Cty., 785 F.2d 1298, 1305-06 (5th Cir. 1986)).  Accordingly, the Court **GRANTS** Santiago's motion to amend the complaint.  (Docket No. 9)

**V.    Conclusion**

For the reasons set forth above, the defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.**  (Docket Nos. 6 and 14) Santiago's motion to amend the complaint is **GRANTED.**  (Docket No. 9)  The amended complaint shall be filed **no later than July 15, 2021,** and **SHALL** omit the claims dismissed in this Opinion and Order.

The ADA and Law 44 causes of action, and the Title VII claims against Oliveras, García, and Mártir are **DISMISSED WITH PREJUDICE.** The Title VII claims against the Commonwealth of Puerto Rico and the Puerto Rico Police Department, the cause of action arising pursuant to Article II of the Puerto Rico Constitution, the

defamation claim, and the malicious prosecution claim remain

before the Court.

Partial Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 1, 2021.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE